UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORAN SMITH, | )<br>) Case No. 12 C 8716<br>) |
| Plaintiff, | )<br>) Magistrate Judge Sidney I. Schenkier |
| v. | )<br>) |
| CHICAGO TRANSIT AUTHORITY, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On January 13, 2015, the Court held a final pretrial conference in preparation for the bench trial set to commence on February 9, 2015. The Court ruled from the bench on all of the parties' motions *in limine* except for two: defendant CTA's Motion *in Limine* No. 2 to bar evidence of or reference to plaintiff's Illinois Whistleblower Act claim (doc. # 73), and CTA's Motion *in Limine* No. 22 to bar testimony from plaintiff's attorney Barry Gomberg (doc. # 75). These motions are now briefed. For the reasons that follow, the Court denies Motion *in Limine* No. 2 and grants Motion *in Limine* No. 22

### I.

CTA argues that any evidence, argument, testimony or exhibits regarding Plaintiff's Illinois Whistleblower Act claim is inadmissible because (1) plaintiff voluntarily abandoned his Illinois Whistleblower Act claim; (2) the evidence is not relevant to his remaining claim for Title VII retaliation; and (3) the evidence lacks foundation (doc. # 73: CTA's Mot. *in Limine* No. 2 at 3-5). As part of its motion, CTA objects to the admission of the following proposed plaintiff's exhibits: CTA 2012 Ethics Training Policy (Pl.'s Ex. 14); Illinois Whistleblowers Act ("the

---

[1] On January 11, 2013, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (docs. ## 13, 15).

Act") (Pl.'s Ex. 15), and CTA Administrative Procedure 231 – Whistleblower (Pl.'s Ex. 24) (CTA's Mot. *in Limine* No. 2, at 2).

For his part, plaintiff concedes that he has abandoned any claim for violation of the Act (doc. # 79: Pl.'s Combined Resp. at 2), and disclaims any attempt to offer this evidence to show that the CTA in fact violated the Act (*Id.* at 3). However, plaintiff contends that he should be allowed to offer this evidence and argument to explain that he was aware of the Act and related CTA policies, in order to show that he reasonably believed that he was authorized to disclose certain documents to the Illinois Department of Human Rights ("IDHR") (*Id.*).

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While plaintiff has decided not to pursue his claim under the Act, that alone does not make all evidence or argument about the Act irrelevant. Contrary to CTA's argument, our opinion on summary judgment makes clear that the evidence plaintiff seeks to bar is relevant to the issue of whether Mr. Smith engaged in protected activity when disclosing the documents at issue to the IDHR.

In their cross-motions on summary judgment, both parties relied on *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714 (6th Cir. 2008), in their debate as to whether Mr. Smith's disclosure of the documents constituted protected activity. In *Niswander*, the Sixth Circuit set forth several considerations for determining "whether the employee's dissemination of confidential documents was reasonable," and thus protected under the circumstances. *Id.* at 725-26. These considerations included whether the employee's dissemination of confidential documents was in the context of "participating" in his or her own Title VII lawsuit, investigation or hearing, or whether instead it occurred in the context of "opposing" her employer's unlawful

2

employment practices; how the documents were obtained; to whom and why they were produced; whether a breach of confidentiality could have been avoided; and the content of the documents. *Id.* at 726-27.

In our opinion on summary judgment, we determined that genuine issues of material fact remained as to whether Mr. Smith's disclosing the documents was a protected activity. *Smith v. Chicago Transit Authority*, No. 12 C 8716, 2014 WL 3892233, at *10 (N.D. Ill. Aug. 5, 2014). We explained that, among other things, Mr. Smith maintained that "he in good faith believed [the documents] were supportive of his claims that he was being retaliated against for opposing gender discrimination and retaliation in the workplace." *Id.* On a motion *in limine*, we cannot conclude that the evidence or argument CTA seeks to bar would be irrelevant to Mr. Smith's state of mind when he disclosed those documents for use in the IDHR investigation of his charge.

CTA also argues that plaintiff lacks sufficient personal knowledge of the Act and CTA's internal policies to testify to whether his disclosures were authorized (CTA's Mot. *in Limine* No. 2, at 5). Plaintiff responds that he is prepared to testify as to his "awareness" of the Act and the CTA policies (Pl.'s Combined Resp. at 3). That statement leaves vague whether that means Mr. Smith will testify only that he was aware of the existence of the Act and those policies (which by itself would not lay a foundation for him to testify as to what they say or to sponsor them into evidence), or whether he will be able to testify on oath that he had reviewed those documents and knew what they said. Resolving that ambiguity is better done through the testimony at trial than on a motion *in limine*.

Accordingly, we deny CTA's Motion *in Limine* No. 2, and reserve for trial CTA's objections to Plaintiff's Exhibits 14, 15 and 24.

## II.

CTA also seeks to bar any trial testimony from plaintiff's attorney, Barry Gomberg, based on the "advocate-witness rule" (CTA's Mot. *in Limine* No. 22, at 1). "Under the advocate-witness rule, counsel is barred from acting as both an advocate and a witness in a single proceeding except under special circumstances," *United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996), which CTA says are not present here.

In making this argument, CTA cites to former Local Rule 83.53.7 (CTA's Motion *in Limine* No. 22, at 1-2), without acknowledging that in June 2011, the Northern District of Illinois replaced that rule with Local Rule 83.50, which adopts the disciplinary and professional conduct rules of the Model Rules of the American Bar Association ("ABA Model Rules"). The applicable ABA Model Rule is Rule 3.7, which states that "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." The trial court has discretion to determine whether the advocate-witness rule should bar counsel from testifying. *United States v. Jones*, 600 F.3d 847, 862 (7th Cir. 2010).

In this case, Mr. Gomberg expressed his "sincere belief" that his testimony would not be needed, as Mr. Smith could testify to the same information that Mr. Gomberg would offer (Pl.'s Combined Resp. at 4). If that is the case, we would not allow Mr. Gomberg to offer cumulative testimony that would be calculated simply to bolster the credibility of his client.

However, plaintiff seeks to preserve the ability to have Mr. Gomberg testify if a situation arises that is "not presently known to Plaintiff or his counsel," in which Mr. Gomberg is the only source of the information (Pl.'s Combined Resp. at 5). We find unpersuasive this attempt to

preserve the ability of Mr. Gomberg to testify on some unknown subject. This case has proceeded through full discovery, extensive briefing on summary judgment with the associated statements of fact, and the filing of a final pretrial order. There should be little mystery left about what evidence will be offered at trial. We would expect that now, within a few weeks of trial, if there was any realistic chance that Mr. Gomberg would be the sole source of any relevant information, he would be able to be more specific about what that information might be. We reject plaintiff's open-ended request to allow Mr. Gomberg to wear both the hats of witness and advocate.

In making this decision, we take into account the possible prejudice that combining the roles of advocate and witness would have on the tribunal and the opposing party. *See* ABA Model Rule 3.7, Comment 1. "[A] balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses." ABA Model Rule 3.7, Comment 4; *see also* ABA Model Rule 3.7, Comment 2 ("[t]he tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness"). There surely would be a risk of prejudice to defendant if Mr. Gomberg was given license to testify on some subject disclosed for the first time during trial. As for confusion by the tribunal from Mr. Gomberg acting as both lawyer and witness, that risk is diminished by the fact that this case will proceed as a bench trial. But, the risk is not diminished to zero: the line between a lawyer's fact testimony as a witness and his possible analysis of the evidence may not always be clear. *See, e.g., Cerros v. Steel Techs., Inc.*, 398 F.3d 944, 955 (7th Cir. 2005) (noting Comment 2 to Model Rule 3.7, and

5

stating that at oral argument, the appeals court "found ourselves mired in this very uncertainty at argument" as to whether the statements of defense counsel "should be taken as proof or as an analysis of the proof").

## CONCLUSION

For the foregoing reasons, we deny CTA's Motion *in Limine* No. 2 (doc. # 73), and we grant CTA's Motion *in Limine* No. 22 (doc. # 75).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: January 26, 2015**